UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 99-41386
Summary Calendar

RONALD L. PAGE,

Plaintiff-Appellant,

versus

COOKE COUNTY, TEXAS; MICHAEL E. COMPTON,
Individually and As Sheriff of Cooke County, Texas,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
Lower Docket Number 4:98-CV-275

_____

July 14, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Ronald Page sued Cooke County and Michael Compton, the Sheriff of Cooke County, for civil rights violations and violation of his rights under Texas common law in connection with the termination of his employment as a jailer with the Cooke County Sheriff's Department. Specifically, Page claimed that Cooke County and Compton discharged him in retaliation for exercising his Sixth

---

[*] Pursuant to 5th Cir. Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. Rule 47.5.4.

Amendment right to counsel[1] and defamed and slandered him.  The district court granted summary judgment for the defendants. Agreeing that no genuine issue of material facts exist, we affirm.

In July 1997, Compton learned of an allegation that Page had engaged in sexual misconduct with several female inmates at the Cooke County Jail.  On July 24, 1997, Page was advised that he was suspended with pay while the investigation into his alleged sexual misconduct was pending.

On July 30, 1997, Page was notified, verbally and in writing, that "it will be necessary for [him] to report to [Compton's] office at 10:00 a.m. on Friday August 1, 1997 for an administrative meeting."  Page was further advised that "[a]t this meeting we will discuss the allegations of sexual misconduct lodged against you by female inmates in the Cooke County Jail.... Since this is an administrative meeting you will not be allowed to have counsel present."  Page failed to attend the August 1, 1997 mandatory meeting and, as a result, his employment was terminated for insubordination.

Through an unknown source, the media learned of the allegations of sexual misconduct and that a male jailer had been suspended with pay.  When questioned regarding this matter, Compton declined to name the suspended jailer or provide any further details.  Several weeks after Page was fired, media reports

---

[1]    Page complains of the violation of his Fifth Amendment right to counsel.  The right to counsel actually derives from the Sixth Amendment.  *See* Arrington v. County of Dallas, 970 F.2d 1441, 1445 (5th Cir. 1992).

indicated that they knew Page's employment had been terminated. In an interview with a newspaper reporter Compton confirmed that Page was the fired jailer and that he had been fired for not cooperating with the departmental investigation. Compton also stated, in response to questions from a television reporter as to the frequency of the alleged misconduct, that "I think it had happened enough to where he'd got where he liked it" and that the female accusers were "back in our jail, but in this case they were somewhat of a victim."

Page then filed suit for civil rights violations and defamation and slander. In May 1999, defendants moved for summary judgment. In response, Page filed a motion for a protective order asking the court to abate further proceedings until the criminal proceedings against him were disposed. He asserted he was unable to present affidavits essential to justify his opposition to defendants' motion without surrendering his Fifth Amendment privilege against self incrimination. The district court held that the defendant was not permitted to seek from Page incriminatory answers to depositions, interrogatories, or requests for production, but that Page still had a duty to produce evidence supporting his claim for relief. Thereafter, Page filed his response to the defendants' motion for summary judgment, in which he once again asserted that he was unable to present affidavits opposing the motion for summary judgment without incriminating

himself.  The district court then granted the defendants' summary judgment motion.

Page now appeals the district court's grant of summary judgment to the defendant, arguing first that he was unable to respond meaningfully to defendants' motion for summary judgment without surrendering his Fifth Amendment privilege against self incrimination.  For support, he relies on Wehling v. Columbia Broadcasting System, 608 F.2d 1084 (5th Cir. 1980).  In Wehling, this Court held that the district court improperly dismissed Wehling's libel action after Wehling asserted his Fifth Amendment privilege in response to questions posed at his deposition.  *See id.* at 1087.  This case is clearly distinguishable.  Page seeks not only to avoid incriminatory answers to depositions, interrogatories, or requests for production, but also to avoid producing any evidence whatsoever to support his claims.  United States v. Rylander, 460 U.S. 752, 758, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983) rejected precisely this theory three years after Wehling when it stated:

> [W]hile the assertion of the Fifth Amendment privilege against compulsory self incrimination may be a valid ground upon which a witness such as Rylander declines to answer questions, it has never been thought to be in itself a substitute for evidence that would assist in meeting a burden of production.

Consequently, Wehling does not preclude the grant of summary judgment against a plaintiff who relies on his Fifth Amendment privilege to avoid producing evidence to support his claim.

4

Page next contends that the district court should have abated his case pending conclusion of the criminal prosecution for these events only six or seven months later. Cleared of the criminal charges, Page says he is now ready to respond. Page's availability to testify now does not, however, prove that the district court abused its discretion in granting summary judgment. Page has made no attempt to establish how the invocation of his self-incrimination privilege prevented him from offering evidence of the alleged slander or defamation, the grounds to deny Cooke qualified immunity, or the basis for liability of Cooke County. The magistrate judge's opinion, adopted by the district court, thoroughly explains why the defendants were entitled to summary judgment. As far as we can tell (and with no briefing from Page to the contrary), none of the court's reasoning would have been affected by Page's testimony. As the Supreme Court said in Rylander, the Fifth Amendment is a shield, not a sword. No abuse of discretion occurred in the court's refusal to abate.

For these reasons, the judgment of the district court is **AFFIRMED.**

5